## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

JIMMY LEE GARCIA,                       §
(TDCJ No. 2113106),                     §
                                        §
        Petitioner,              §
                                        §
V.                                      §          No. 3:18-cv-3249-M-BN
                                        §
LORIE DAVIS, Director                   §
Texas Department                        §
Correctional Institutions Division,     §
                                        §
        Respondent.              §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jimmy Lee Garcia, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, in which he also requests an evidentiary hearing. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The State filed a response opposing relief, *see* Dkt. No. 15, to which Garcia filed a reply, *see* Dkt. No. 18.

For the reasons explained below, the Court should deny Garcia's federal habeas petition and motion for an evidentiary hearing.

### Applicable Background

A jury found Garcia guilty of possession of a controlled substance, namely methamphetamine. *See State of Texas v. Jimmy Lee Garcia*, No. F49872 (249th Jud.

1

Dist. Ct. Johnson County, Tex., 2017); Dkt. No.16-11 at 97, 101. The jury found two enhancement paragraphs to be true and sentenced Garcia to life imprisonment. *See id.* On April 11, 2018, the Tenth District Court of Appeals affirmed the judgment. *See Garcia v. State*, No. 10-17-00116-CR (Tex. App. – Waco, 2018, pet. ref'd.); Dkt. No. 16-3. The Texas Court of Criminal Appeals ("CCA") refused Garcia's petition for discretionary review on June 13, 2018. *See* Dkt. No. 16-9.

Garcia filed an application for state writ of habeas corpus claiming insufficient evidence to support the conviction and trial court error by failing to inquire into the sufficiency of two perspective witnesses' assertions of the Fifth Amendment privilege against self-incrimination and by allowing into evidence a digital scale recovered at the scene of Garcia's arrest. *See* Dkt. No.16-38 at 20-37. On November 7, 2018, the CCA denied Garcia's application without a written order. *See* Dkt. No. 16-35.

In his timely-filed federal habeas application, Garcia raises the following grounds for relief:

(1) Insufficient evidence to support the conviction;

(2) The trial court violated his due process rights by failing to inquire into the sufficiency of two perspective witnesses' assertions of the Fifth Amendment privilege against self-incrimination; and

(3) The trial court erred by admitting evidence of a digital scale.

*See* Dkt. No. 3 at 6-7; Dkt. No. 4.

## Legal Standards and Analysis

## I.    Claims

2

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue … adjudicated on the merits in state proceedings," to be "examine[d] … with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established

3

federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case

determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*,

6

875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

A.    **Insufficient Evidence**

Garcia avers that the evidence presented at trial was insufficient "to support [his] possession of a controlled substance conviction." Dkt. 3 at 6; *see also* Dkt. 4 at 2-4. A state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "The evidence need not exclude every reasonable hypothesis of innocence or be completely

inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir.2012). And all credibility choices and conflicting inferences must be resolved in favor of the verdict. *See Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1989) (stating that, on federal habeas review, the federal court "should not substitute [its] view of the evidence for that of the factfinder, but consider all of the evidence in the light most favorable to the prosecution").

The Tenth District Court of Appeals rejected Garcia's claim, finding sufficient evidence to support his conviction. *See* Dkt. No. 16-3. The court explained:

> Although Garcia was not in exclusive possession of the premises where the methamphetamine was found, there was sufficient evidence to link him to it. The record reflects that officers for the Cleburne Police Department arrived at an apartment to arrest two people, Randy Pullen and Kendra Shelby, on felony warrants. Upon initially seeing Officer Davenport within a few feet outside the apartment door, Garcia suddenly went back inside the apartment, walked quickly to the sole bedroom which was very small, sat down on a chair in the corner of the room while facing the doorway to the bedroom. Shelby followed Garcia into the bedroom and briefly stood by an aquarium before being ordered out of the bedroom by Officer Davenport.
>
> While seated in the bedroom, Garcia reached behind him toward the floor where two of the drug exhibits, a glass vial containing 2.37 grams of methamphetamine and a yellow baggie containing .08 grams of methamphetamine, were located. The third drug exhibit, a blue baggie containing .14 grams of methamphetamine, was also found in the bedroom by an aquarium within a few steps from where Garcia was sitting. Drug paraphernalia was also located on the floor under the chair where Garcia was sitting. That paraphernalia included syringes, alcohol wipes, a rubber tourniquet, a digital scale, and a metal measuring spoon.

8

> Two bags/backpacks within arm's reach of the chair where Garcia was sitting in the bedroom were determined to belong to Garcia. Drug paraphernalia, including needles and three empty yellow plastic baggies similar to the yellow plastic baggie found beneath the chair on which Garcia was sitting, was discovered inside one of the bags.
>
> In reviewing this evidence in the light most favorable to the verdict, we find that the evidence was sufficient for the jury to find Garcia guilty of possessing the methamphetamine. Garcia's first issue is overruled.

*Id.* at 5-6.

The facts produced at trial, as summarized by the state appellate court opinion, shows that there was sufficient evidence to support Garcia's conviction for possession of a controlled substance. Garcia has failed to demonstrate that he qualifies for relief on this ground. *See Jackson*, 443 U.S. at 324.

And the state habeas court denied this claim when it denied Garcia's state habeas application. Garcia fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F. 3d 1221, l224-25 (5th Cir. 1997). As such, Garcia fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## B.    Trial Court Due Process Violation

Garcia argues that the trial court violated his right to due process by failing to

adequately inquire into two trial witnesses' assertions of their Fifth Amendment right against self incrimination. *See* Dkt. No. 3 at 6. In his Section 2254 petition, Garcia makes a singular and conclusory statement that the trial court "failed to conduct a sufficiency inquiry into [the] reasonableness of two defense witnesses's assertion of their Fifth Amendment privilege against self-incrimination not to testify." *Id.* And in his memorandum in support of his petition, Garcia provides no further argument, or support from the record, other than to name the two witnesses, and incorrectly claim that the issue should be reviewed for abuse of discretion. *See* Dkt. No. 4 at 4. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ... [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived).

Also, the Tenth District Court of Appeals rejected Garcia's claim, stating:

> The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that, "no person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *Walters v. State*, 359 S.W.3d 212, 215 (Tex. Crim. App. 2011). This privilege extends not only to answers that would in themselves support a conviction, but also includes those which would furnish a link in the chain of evidence needed to prosecute the claimant. *Walters*, 359 S.W.3d at 215. "[I]t need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered

might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486-87, 71 S. Ct. 814, 95 L. Ed. 1118 (1951); *Walters*, 359 S.W.3d at 215.

Trial courts are not to simply take the word of potential witnesses who claim to fear prosecution. *Walters*, 359 S.W.3d at 215. Rather, trial courts are required to inquire into the source and reasonableness of that fear. *Id*. The trial judge, in appraising the claim, "must be governed as much by his personal perceptions of the peculiarities of the case as by the facts actually in evidence." *Hoffman*, 341 U.S. at 487; *Walters*, 359 S.W.3d at 215.

*Relevant Facts*

After the State rested its case, Garcia sought to compel the testimony of David Curtis and Kendra Shelby. Both prospective witnesses were subpoenaed to appear in court and appeared with counsel. Both asserted their Fifth Amendment privilege. In separate hearings outside the presence of the jury, Garcia proposed the questions he would ask of each witness. As to Curtis, Garcia would ask: (1) whether Curtis was depicted in State's Exhibit No. 11; (2) whether his bedroom was depicted in State's Exhibit No. 4; and (3) if anyone else slept in the bedroom depicted in State's Exhibit No. 4. As to Shelby, Garcia wanted to ask: (1) whether she was at the apartment on the date of Garcia's arrest; (2) whether she recognized State's Exhibit No. 4, a photograph of the bedroom; and (3) whether she was in the bedroom on the date of Garcia's arrest. He also wanted to ask Shelby to: (1) identify the backpacks depicted in State's Exhibit 15; (2) identify the backpacks in State's Exhibit 6; (3) confirm that she told Officer Davenport that the methamphetamine found was Garcia's; and (4) confirm that in consideration for this information, she was not charged with possession of methamphetamine. Both Curtis's and Shelby's attorney's explained to the Court that based on these questions, their clients would invoke their right not to testify.

*Application*

The statute of limitations for the offense had not run. Thus, both Curtis and Shelby could expose themselves to

prosecution if they answered Garcia's questions a certain way. Curtis was the person who rented the apartment. It was his bedroom in which the drugs and paraphernalia were found. Shelby followed Garcia into the bedroom when the police arrived. She stood by the aquarium where the blue baggie of methamphetamine was found. Further, if Shelby identified any of the "backpacks" as belonging to her, she could also be charged with possession of drug paraphernalia.

The trial court's inquiry need not be more than what occurred in this case. *See Walters v. State*, 359 S.W.3d 212, 216-217 (Tex. Crim. App. 2011). The questions propounded, the argument of counsel, and the testimony in evidence, were sufficient to establish the fear of incrimination for both Curtis and Shelby. Accordingly, after reviewing the record, we hold the trial court conducted a sufficient inquiry into the reasonableness of Curtis's and Shelby's invocation of the Fifth Amendment privilege.

Dkt. No. 16-3 at 6-8.

As the Tenth District Court of Appeals demonstrated, even if Garcia's argument were not fatally conclusory, it would not warrant relief. The trial court adequately inquired into the witnesses' assertions of their right against self incrimination. *See Ohio v. Reiner*, 532 U.S. 17, 19 (2001) (recognizing that "the privilege against self-incrimination applies where a witness' answers could reasonably furnish a link in the chain of evidence against him" so long as the trial court "determine[s] whether the witness has correctly asserted the privilege, and ... order[s] the witness to answer questions if the witness is mistaken about the danger of incrimination") (internal quotations omitted).

And the state habeas court denied this claim when it denied Garcia's state habeas application. Garcia fails to show the state court decision was contrary to, or

involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts. *See Williams*, 529 U.S. at 402-03; *Childress*, 103 F. 3d at l224-25. As such, Garcia fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## C.    Trial Court Error in Admitting Evidence

Garcia avers that the trial court "erred by admitting evidence of a digital scale located in proximity of the drugs for which [he] was charged with possessing." *See* Dkt. No. 3 at 7.

With regard to state court evidentiary rulings, federal courts "do not sit as a super state supreme court to review error under state law." *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). And the Due Process clause "does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011). Federal habeas corpus relief is warranted "only when the trial judge's error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause.... [T]he erroneous admission of prejudicial evidence justifies federal habeas corpus relief only when it is "material in the sense of a crucial, critical, highly significant factor." *Bailey*, 744 F.2d at 1168. (citations omitted).

Here, Garcia makes the one-sentence argument, quoted above, that the trial

court erred in allowing into evidence a digital scale found on the premises where he was arrested. *See* Dkt. No. 3 at 7. In his memorandum in support of his Section 2254 petition, Garcia argues that the trial testimony linking him to the digital scales was simply "speculation" and "insufficient," and that it "inflamed the jurors' minds making the jurors believe [he] was also a drug dealer." Dkt. 4 at 5. He requests that the Court "weigh the evidence" and determine that the digital scale, and other evidence, could not "affirmatively be linked in any way to [him]." The Court declines Garcia's request. This is not the Court's role. *See Bailey*, 744 F.2d at 1168.

And the United States Supreme Court has made clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Garcia has failed to show that the trial court erred, much less that any alleged error was so extreme as to constitute a denial of fundamental fairness under the Due Process Clause. This argument fails. *See Gonzales*, 643 F.3d at 430.

Finally, the state habeas court denied this claim when it denied Garcia's state habeas application. Garcia fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress*, 103 F. 3d at l224-25. As such, Garcia fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## II.    Evidentiary Hearing

Garcia requests an evidentiary hearing 'to prove he wasn't the possessor of the drugs [or] paraphernalia found in the apartment he was a guest at." Dkt. No. 3 at 7. But "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same as to factual determinations under section 2254(d)(2)). Here, Garcia only alleges non-defaulted claims under section 2254(d) that were adjudicated on the merits in state court. As such, he cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court and is not entitled to an evidentiary hearing.

### Recommendation

The Court should deny the motion for an evidentiary hearing and the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 21, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

16